IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

UNITED STATES

v.

RODNEY EUGENE LAPRADE,
                    *Defendant.*

No. 6:99–cr–70054–015

OPINION & ORDER

JUDGE NORMAN K. MOON

### I.

On April 10, 2000, Defendant Rodney Eugene LaPrade pleaded guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. Mr. LaPrade was subsequently sentenced to prison and fined $10,000.00. Having been released from prison several years ago, and having paid several thousand dollars toward his fine, Mr. LaPrade recently wrote a letter to this Court, requesting that I "withdraw" the balance of his fine. (docket no. 538). As a result of the remaining balance on his fine, Mr. LaPrade claims to have faced significant hardships, including, among other things, remaining in arrears on certain child support payment and being denied a Federal Housing Assistance loan. I construe Defendant's letter as a Motion to Modify Sentence, but for the reasons explained below, I must deny the Motion.

### II.

Defendant's Motion is governed by federal statute. Specifically, 18 U.S.C. § 3573 provides that, in the interest of justice, the Court may "remit all or part of the unpaid portion of the fine," but such action must be done "*[u]pon petition of the Government* showing that

reasonable efforts to collect a fine . . . are not likely to be effective . . . ." (emphasis added). With respect to § 3573, the Court initiated contact with Defendant's federal probation officer, who then reached out to the United States Attorney's Office on Defendant's behalf. The United States Attorney's Office, however, deemed Defendant ineligible for modification or remission under the statute, and thus declined to file the necessary petition. I therefore have no authority to withdraw Defendant's fine, as he requests. *See generally United States v. Heimbach*, 808 F. Supp. 413, 415–16 (E.D. Pa. 1992) (explaining that former § 3573, as it existed prior to December 11, 1987, allowed a *defendant* to petition the court for a modification or a remission, but further explaining that the Criminal Fine Improvements Act of 1987 displaced former § 3573, and vested the petitioning authority only with the United States government).

Additionally, although 18 U.S.C. § 3572(d)(3), allows the Court to, on its own motion or the motion of any party, "adjust" a defendant's payment schedule for a fine that is being paid in installments, provided that the defendant "notif[ies] the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine," Defendant seeks a *withdrawal* of his fine, not a *modification* of an existing payment plan as described in § 3573(d)(3). Section 3573(d)(3) therefore does not apply to Defendant's request, as written.

### III.

While Defendant's repayment efforts and apparent successful readjustment upon his release from prison are commendable, his Letter Motion (docket no. 538) must be, and hereby is, DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Opinion & Order to Defendant.

Entered this 11th day of June, 2012.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE